# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>RIFLE RFB, LLC,<br><br>Debtor and Debtor In Possession. | Bankruptcy Case No. 25-17394 KHT<br>Chapter 11, Subchapter V |
| RIFLE RFB, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OFFEN PETROLEUM, LLC and COLORADO DEPARTMENT OF REVENUE,<br><br>Defendants. | Adv. Proc. No. _____ |

### COMPLAINT FOR DETERMINATION OF EXTENT, VALIDITY AND PRIORITY OF LIENS AND INTERESTS AND OTHER RELIEF

NOW Comes Rifle RFB LLC d/b/a Rifle Fast Break ("Rifle"), debtor and debtor in possession in Case No. 25-17394 KHT, by and through its undersigned counsel, and in support of its Complaint For Determination of Extent, Validity and Priority of Liens and Interests and Other Relief, states as follows:

### JURISDICTION AND VENUE

1. On November 11, 2025, Rifle filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court, District of Colorado, Case No. 25-17394 KHT (the "Chapter 11 Case").

2. Rifle continues in possession of its property, pursuant to 11 U.S.C. §§ 1107 and

1

1108. Mark Dennis has been appointed as the Subchapter V Trustee in the Chapter 11 Case.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, and Rule 7001 Fed. R. Bankr. P. *et seq*.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (M), and/or (O), and 11 U.S.C. §105(a), in which this Court is empowered to enter final judgment. Further, this Court has the Constitutional authority to adjudicate the merits of the subject matter of this proceeding.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

6. Rifle consents to the entry of final orders and judgment by the Bankruptcy Court.

## PARTIES

7. Rifle is a Colorado limited liability company engaged in the business of selling gasoline, food and beverages to its retail customers at a station located in Rifle, Colorado.

8. Offen Petroleum, LLC ("Offen") is a limited liability company organized under the laws of the State of Colorado engaged in the sale of petroleum products.

9. The Colorado Department of Revenue, Taxation Division ("CDOR") is the principal agency of the State of Colorado responsible for administering, collecting and enforcing, *inter alia*, state level retail sales tax and fees.

## FACTS

10. On or about April 1, 2024 Rifle purportedly entered into an agreement for the supply of motor fuels (the "Rifle RPSA"); namely, a Retailer Product Sales Agreement between Offen and Rifle.

11. Under the Rifle RPSA, Offen agreed to deliver and Rifle agreed to purchase and pay

2

for motor fuels from Offen.

12. At all times prior to July 5, 2024, all motor fuels delivered by Offen to Rifle were timely paid in full.

13. On October 31, 2024, Offen filed a Verified Complaint against Rifle and other Defendants[1] in the District Court, Denver County, Colorado, that was assigned case number 2024CV33355 (the "State Court Litigation") wherein it asserted claims for damages against Rifle in the amount of $447,525.00 plus interest, costs, attorney's fees at paragraph 131 based upon a claimed liquidated damages clause.

## FIRST CLAIM FOR RELIEF
### (Determination of Extent, Validity and Priority of Liens)

14. Rifle hereby incorporates the foregoing paragraphs 1 through 13 as if fully set forth herein.

15. Upon information and belief, Offen asserts a lien interest in the assets of Rifle RFB LLC and the cash proceeds of those assets.

16. Upon information and belief, the CDOR asserts a statutory lien in an unknown amount against the assets of Rifle.

17. The respective rights of Offen and the CDOR in the various assets and the proceeds thereof of Rifle are uncertain and contradictory *inter se*, resulting in the uncertainty of the respective rights of Offen and the CDOR as to the extent, validity and priority of those adverse rights.

18. The uncertainty of the extent, validity and priority of the rights of Offen and the

---

[1] The defendants in that action are: Grace Royals, Inc. Jass LLC, Waheguru LLC, Xtreme Petroleum LLC, Sandhu & Nijjar LLC, Karma, LLc, Glenwood GFB, LLC, Rifle RFB LLC, Kulwinder Kaur, Jaswinder Singh, Navkirat

CDOR render it impossible to determine the appropriate treatment of those rights for the purposes of providing adequate protection, lien priority and payment under a plan.

WHEREFORE, Rifle prays that this Court enter an order and judgment (a) determining and declaring the validity, nature, extent and priority of the rights of Offen and the CDOR *inter se* in and to the assets of Rifle; (b) determining and declaring the extent to which the claims of Offen and the CDOR hold secured claims and to the extent that those claims are unsecured claims; and, (c) granting such other relief as deemed appropriate.

## SECOND CLAIM FOR RELIEF
**(Breach of Contract)**

19. Rifle hereby incorporates the foregoing paragraphs 1 through 18 as if fully set forth herein.

20. The Rifle RPSA between Rifle and Offen expressly incorporates the substantive provisions of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 et seq. (the "PMPA").

21. As such, the Rifle RPSA is coextensive with the PMPA.

22. Accordingly, Rifle is a party to a franchise relationship with the Defendant franchisor Offen.

23. As such, Rifle is entitled to a notice of termination stating Offen's statement of intention to terminate the franchise, the date of such termination, and the reason for any such termination.

24. Further, the Rifle RPSA contains separate notification requirements.

25. No notice of default or termination was ever furnished to Rifle as required by the Retailer Product Sales Agreement or the PMPA as incorporated therein.

---

Singh and Gurpreet Singh.

26. Offen has no valid ground for termination pursuant to the Rifle RPSA or 15 U.S.C. § 2802, as incorporated in the Rifle RPSA.

27. Any purported notice of default or termination furnished hereafter is untimely.

28. On or about July 5, 2024, Offen unilaterally ceased and refused to deliver motor fuels to Rifle's location under any terms or conditions forcing Rifle to obtain covering supply.

29. Upon information and belief, reason for Offen's refusal to deliver motor fuels to Rifle were acts or omissions of persons or entities other than Rifle.

30. Notwithstanding Offen's claims, the acts or omissions upon which Offen relies were caused, triggered, or otherwise resulted from Offen's prior breach of their contracts with one or more other persons or entities and includes Offen's wrongful termination of other franchises.

31. Offen's only alleged damages asserted against Rifle relate to purported liquidated damages for which Offen made no attempt to mitigate and claims no obligation to do so.

32. The claim for liquidated damages as alleged constitutes a penalty.

33. As a result, Offen breached the Rifle RPSA.

34. As a further result, Rifle is entitled to monetary damages, injunctive relief, and such other relief that the Court deems just and equitable.

WHEREFORE, Rifle prays that this Court enter an order and judgment (a) declaring that Offen's conduct constitutes a wrongful termination and that the liquidated damages as alleged constitute an unenforceable penalty; (b) enjoining Offen from alleging, enforcing, seeking, or in any way attempting to collect liquidated damages or any other alleged damage or relief arising from or otherwise related to its own violations of the contract and operative law; (c) granting Rifle damages

in an amount to be proven at trial; (d) awarding Rifle interest, attorneys fees and costs; and (e) granting such other relief as deemed appropriate.

Dated this 3rd day of December, 2025.

/s/ John Morgan
John Morgan, Attorney
BARR & MORGAN
2777 Summer Street
Fifth Floor
Stamford, Connecticut 06905
(203) 345-1595
jmorgan@pmpalawyer.com


/s/ David V. Wadsworth
David V. Wadsworth, #32066
WADSWORTH GARBER WARNER CONRARDY, P.C.
2580 West Main Street, Suite 200
Littleton, Colorado 80120
303-296-1999 / 303-296-7600 FAX
dwadsworth@wgwc-law.com

*Attorneys for Rifle RFB, LLC*